IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:15-CR-4-JDK |
| CYNTHIA BETH BRANTLEY (5) | § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On January 5, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Less Than 50 Grams of Methamphetamine, a Class C felony, Defendant Cynthia Beth Brantley was sentenced on June 13, 2017 by United States District Judge Thad Heartfield. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was sentenced to 60 months of imprisonment, followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse testing and treatment.

Defendant completed her term of imprisonment and started her term of supervised release on July 20, 2018. The case was re-assigned to United States District Judge Jeremy D. Kernodle on October 24, 2019.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 25, 2020, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1):  The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on June 4, 2020 by the County Organized Drug Enforcement Unit in Longview, Texas, for the offense of Manufactured Delivery Controlled Substance, Penalty Group 1, One Gram but Not More Than Four Grams, a 2nd Degree Felony.  It is also alleged that Defendant was indicted in the Eastern District of Texas, Tyler Division, on June 18, 2020 on four counts of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

2. **Allegation 2 (mandatory condition 2):  The defendant must refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant submitted urine specimens on October 17, 2019 and December 18, 2019 that tested positive for methamphetamine.

3. **Allegation 3 (standard condition 8):  The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that Defendant interacted with persons engaged in criminal activity on October 18, 2019.

4. **Allegation 4 (special condition):  The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervised the defendant's participation in the program and the defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to submit to a scheduled drug test at the drug testing provider on December 17, 2019.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by committing the offense of Possession with Intent to Distribute Methamphetamine as alleged in the petition, she is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade A violation is 33 to 41 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by interacting with a person engaged in criminal activity, testing positive for the use of methamphetamine and failing to report for drug testing as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's guideline range for a Grade C violation with her original criminal history category of VI is 8 to 14 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On January 5, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the portion of Allegation 1 of the petition alleging conduct resulting in an indictment in the Eastern District of Texas and to jointly request a sentence of 24 months of imprisonment to run concurrent with the sentence imposed in Criminal Action No. 6:20-cr-47 with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to the portion of Allegation 1 of the petition alleging conduct resulting in an indictment in the Eastern District of Texas. Defendant requested a recommendation for designation at FPC Bryan or, alternatively, the camp at FMC Carswell.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the portion of Allegation 1 of the petition alleging conduct resulting in an indictment in the Eastern District of Texas is true. Defendant is guilty of a Grade A supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 24 months of imprisonment to run concurrent with the sentence imposed in Criminal Action No. 6:20-cr-47 with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the portion of Allegation 1 of the petition alleging conduct resulting in an indictment in the Eastern District of

Texas be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 24 months of imprisonment to run concurrent with the sentence imposed in Criminal Action No. 6:20-cr-47 with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 24 months of imprisonment to run concurrent with the sentence imposed in Criminal Action No. 6:20-cr-47 with no further supervised release.

So ORDERED and SIGNED this 5th day of January, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE